**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KATIE SCZESNY,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **PHILIP MURPHY,** *in his official and personal capacity*, ***et al.***, <br><br> Defendants. | Civil Action No. 22-2314 (ZNQ) (RLS) <br><br> **OPINION** |

**QURAISHI, District Judge**

This matter comes before the Court upon the Motion to Dismiss the Amended Complaint (the "Motion," ECF No. 35) filed by Defendants State of New Jersey and Governor Philip Murphy, in his official and personal capacity (collectively, "Defendants"). In support of their Motion, Defendants filed a brief ("Moving Br.," ECF No. 35-1). Plaintiffs Katie Sczesny, Jamie Rumfield, Debra Hagen, and Mariette Vitti (collectively, "Plaintiffs") filed an opposition ("Opp'n Br.," ECF No. 37), to which Defendants replied ("Reply Br.," ECF No. 38). The parties then each submitted follow-up letters to the Court (ECF Nos. 39, 40). After careful consideration of the parties' submissions, the Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[1] For the reasons outlined below, the Court will GRANT Defendants' Motion to Dismiss.

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

1

I.      **FACTUAL AND PROCEDURAL BACKGROUND**[2]

Plaintiffs are former employees of Hunterdon Medical Center ("HMC") who, as healthcare workers in New Jersey, were required to receive certain COVID-19 vaccinations pursuant to Governor Murphy's Executive Order 283 ("EO 283"). ("Amended Complaint," ECF No. 31 ¶¶ 2, 8–9.) EO 283 went into effect in January 2022, requiring covered healthcare workers in covered settings to be "up to date" on COVID-19 vaccinations. (*Id.* ¶ 62.) Subsequent executive orders updated the applicable vaccination timeline and the definition of "up to date," but still required covered workers to have receive up to at least one booster shot. (*Id.* ¶¶ 68, 71, 73.)

On April 21, 2022, Plaintiffs filed this lawsuit challenging the constitutionality of EO 283, (ECF No. 1), as well as an emergency motion for a temporary restraining order and/or preliminary injunction. (ECF No. 2.) The Court denied the motion on June 6, 2022, and Plaintiffs filed an interlocutory appeal of that decision on July 6, 2022. (ECF Nos. 19, 20, 22.) On June 14, 2023, the United States Court of Appeals for the Third Circuit dismissed the appeal as moot because by that time "the Executive Orders in question" had already been rescinded. (ECF No. 27.) Plaintiffs filed the operative Amended Complaint on June 30, 2023, alleging violations under the 14th Amendment of their right to liberty and privacy, the equal protection clause, and their right to due process (Counts I, II, and III, respectively), as well as a violation of 42 U.S.C. § 1983 (Count V).[3] On August 14, 2023, Defendants filed the instant Motion to Dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6).[4] (ECF No. 35.)

---

[2] For the purpose of considering the instant Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).
[3] Inexplicably, there is no Count IV in the Amended Complaint. (*See generally* Am. Compl.)
[4] Defendants first filed a motion to dismiss this action on July 5, 2022. (ECF No. 21.) That motion was stayed and administratively terminated pending resolution of Plaintiffs' interlocutory appeal. (ECF No. 25.)

## II.  JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the claims alleged in the Amended Complaint.

## III.  LEGAL STANDARDS

### A.  Rule 12(b)(1)

Under Article III of the United States Constitution, federal courts have subject matter jurisdiction only over matters involving "cases" or "controversies." U.S. Const. art. III, § 2. "Courts enforce the case-or-controversy requirement through several justiciability doctrines that 'cluster about Article III,'" including the doctrines of ripeness and mootness. *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984) (rev'd on other grounds)) (internal quotation marks omitted). A case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *A.S. v. Harrison Twp. Bd. of Educ.*, 66 F. Supp. 3d 539, 545 (D.N.J. 2014) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The mootness doctrine requires that "an actual controversy [is] extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974). "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)) (internal quotation marks omitted). Mootness may not become an issue until the case has been brought and litigated. *Id.* at 190–91.

Generally, a case that is moot lacks justiciability. *Toll Bros.*, 555 F.3d at 137. However, if an exception applies, a case that would be moot may nonetheless be justiciable. Under the voluntary cessation doctrine, where a defendant voluntarily ceases the challenged conduct in

response to litigation, the case might only be moot if "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 170 (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)) (internal quotation marks omitted). Under the capable of repetition yet evading review exception, a case is justiciable if: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (internal quotation marks omitted)). If a court determines that it lacks subject matter jurisdiction over a matter, the matter must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to consider the allegations of the complaint as true," while a factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or otherwise present[ing] competing facts." *Id.* (internal quotation marks omitted). When a defendant raises a factual challenge to jurisdiction, a district court can weigh and consider evidence outside the pleadings, with no presumptive truthfulness attaching to the plaintiff's allegations, and the plaintiff bears the burden of establishing jurisdiction. *Id.*; *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176–78 (3d Cir. 2000).[5]

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*,

---

[5] Defendants put forth only a facial attack here, and so the Court may not consider evidence outside of the pleadings, including the numerous exhibits attached to Plaintiffs' Opposition Brief.

4

824 F.3d at 348–49 (citing cases).  "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'"  *Id.* at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir. 1987)).  "[W]hen a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'"  *Id.* (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 (3d Cir. 1977)).

B.  **Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6).  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  *Id.* (alteration in original) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Fowler*, 578 F.3d at 211

5

(quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV.   DISCUSSION

Defendants move to dismiss the Amended Complaint based on Rules 12(b)(1) and 12(b)(6), asserting that: (1) Plaintiffs' entire case should be dismissed as moot; (2) even if mootness was not an issue, the State of New Jersey cannot be a defendant because it is protected by sovereign immunity; and (3) in any event, the Amended Complaint fails to state a claim.

Here, Defendants argue that this case is "facially moot" because the challenged Executive Orders, including EO 283, have since been rescinded, and so there is no live "case or controversy" because the Court cannot grant any forward-looking relief to Plaintiffs. (Moving Br. at 13–16.) Defendants assert that various courts, including the Third Circuit, have "routinely dismissed as moot" similar claims. (*Id.* at 14–15 (citing *Clark v. Governor of N.J.*, 53 F.4th 769, 776 (3d Cir. 2022); *Stepien v. Governor of N.J.*, Civ. No. 21-3290, 2023 WL 2808460, at *4 (3d Cir. Apr. 6, 2023); *Cnty of Butler v. Governor of Pa.*, 8 F.4th 226, 230 (3d Cir. 2021); *Parker v. Governor of Pa.*, Civ. No. 20-3518, 2021 WL 5492803, at *3 (3d Cir. Nov. 23, 2021); *Johnson v. Governor of N.J.*, Civ. No. 21-1795, 2022 WL 767035, at *3 (3d Cir. Mar. 14, 2022); *Livesay v. Murphy*, Civ. No. 20-17947, 2022 WL 4597435, at *3–4 (D.N.J. Sept. 30, 2022); *Behar v. Murphy*, Civ. No. 20-5206, 2020 WL 6375707, at *3 (D.N.J. Oct. 30, 2020)).) Additionally, Defendants insist that no exceptions would make this case justiciable despite its mootness, (*id.* at 20)—first, because it is "highly unlikely" that the Governor will issue similar Executive Orders in the future despite his retention of the authority to do so, given the advancement over time of diagnostic and therapeutic

6

tools to combat COVID-19, and moreover because the Executive Orders were rescinded not in response to litigation but because of measurable decreases in cases of COVID-19. (*Id.* at 19–21.) Defendants emphasize that "the Third Circuit has categorically rejected application of the mootness exceptions" in cases challenging terminated COVID-19 restrictions. (*Id.* at 18.) Lastly, Defendants argue that even if mootness were not an issue, any claims against the State of New Jersey fail on sovereign immunity grounds,[6] and Plaintiffs' remaining claims in any event fail to state a claim. (*Id.* at 22–26.)

Plaintiffs argue that the case is not moot because a ruling that EO 283 and related Executive Orders were unconstitutional would provide effectual relief to Plaintiffs by "nullify[ing] the basis for [Plaintiffs'] involuntary termination from their jobs, thus clearing their employment records and improving their employment prospects," ensuring that Plaintiffs will not be subject to a similar mandate in the future, and "ensur[ing] that potential employers do not regard [Plaintiffs] as risky hires because they will not take the [COVID-19] shots and might have to be terminated if the mandate is reinstated." (*Id.* at 6–7.) Plaintiffs also urge that "EO 283 perpetuates a live controversy" because New Jersey has allowed covered entities, such as HMC, to retain their vaccination policies even after EO 283 was rescinded.[7] (*Id.*) Even if the case were considered moot, Plaintiffs argue, the aforementioned exceptions apply because Defendants voluntarily withdrew EO 283,[8] have the power and ease to reinstate a substantially similar mandate at any time and in fact are likely to do so in the future, and have "vigorously defend[ed]" its legality

---

[6] Plaintiffs apparently concede this point, as they do not address it in their Opposition Brief. (*See generally* Opp'n Br.)

[7] In response to this argument, Defendants point out that if anything HMC, not EO 283, was ultimately responsible for Plaintiffs' termination from their jobs, because rather than require covered employers to punish employees who did not receive the requisite COVID-19 vaccinations, EO 283 just made it optional for covered employers themselves to choose to do so. (Reply Br. at 3–4 (citing *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 306 (3d Cir. 2020) (the mootness inquiry does not concern the possible actions of third parties to the litigation)).)

[8] Plaintiffs add that Defendants' burden to show this case is moot is heavy because "the only conceivable basis" here for a mootness finding would be Defendants' own voluntary conduct. (Opp'n Br. at 8.)

7

throughout this litigation. (*Id.* at 8–10 (citing *West Virginia v. Env't Prot. Agency*, 597 U.S. 697, 719–20 (2022).) Lastly, Plaintiffs argue that their claims have merit. (*Id.* at 11–40.)

Plaintiffs' arguments notwithstanding, the Court finds that this case must be denied as moot. First, the Court rejects Plaintiffs' argument that there is any relief that the Court can presently grant to Plaintiffs, as EO 283 and related measures put forth by Governor Murphy have been rescinded. *See, e.g.*, *Clark*, 53 F.4th at 776 (finding similar case "facially moot" because the Executive Orders at issue regarding COVID-19 were rescinded, and thus lawsuit could not provide any "effectual relief whatsoever"). Second, the Court finds that no exceptions to mootness apply that would render the case justiciable. The Third Circuit has found that it is "absolutely clear" that the COVID-19 pandemic "as it presented itself in 2020 and 2021" is not "reasonably likely to recur." *Id.* at 778, 779 n.13 (rejecting the defendant's *West Virginia* argument against mootness in the context of rescinded COVID-19 restrictions). Furthermore, the Third Circuit has repeatedly held that similarly challenged Executive Orders which were put into place during COVID-19 and then later rescinded were rescinded not for litigation purposes, but in response to changes in the public health landscape in response to COVID-19. *See id.* at 778; *Cnty of Butler*, 8 F.4th at 230–31 (deeming case moot and holding that no mootness exceptions applied); *Stepien*, 2023 WL 2808460, at *2–4 (same); *Parker*, 2021 WL 5492803, at *3 (same, emphasizing that "[t]he government has not rescinded and then re-issued the order even once, let alone multiple times"); *Johnson*, 2022 WL 767035, at *2–3. Likewise, here, the Court finds that it is absolutely clear that a pandemic similar to COVID-19 is not "reasonably likely to recur" such that it would necessitate re-enactment of the rescinded EO 283 and accompanying policies, precluding application of either the voluntary cessation doctrine or the capable of repetition and evading review exception to mootness.

As a final matter, the Court concludes that because additional factual details would not remedy the impairment identified in Plaintiffs' claims, leave to further amend their Complaint would be futile.  *See Connelly v. Steel Valley School Dist.*, 706 F.3d 209, 217 (3d Cir. 2013). Accordingly, the dismissal will be without leave to amend.

## V.     CONCLUSION

For the reasons outlined above, Defendants' Motion to Dismiss will be GRANTED and Plaintiffs' claims will be DISMISSED for lack of subject matter jurisdiction, without further leave to amend.  An appropriate Order will follow.

Date: March 11, 2024

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
